IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CYZE AJJAN RODGERS,** | § |
| | § |
| Movant, | § |
| | § |
| V. | § NO. 3:22-CV-1798-X-BH |
| | § (NO. 3:19-CR-565-X) |
| **UNITED STATES OF AMERICA,** | § |
| | § |
| Respondent. | § |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Cyze Ajjan Rodgers under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects as follows:

On November 6, 2015, Movant was named in a one-count indictment charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). CR ECF No.[1] 1. He initially entered a plea of not guilty. CR ECF No. 14. He later changed his plea. He and his counsel signed a factual resume setting forth the elements of the offense, the punishment he faced, a statement as to sentencing, a waiver of Constitutional rights, stipulated facts establishing that he had committed the offense, and a statement as to the voluntariness of the guilty plea he intended to enter. CR ECF No. 19. On June 30, 2020, Movant entered his plea of

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-CR-565-X.

guilty. CR ECF No. 50. Under oath, Movant testified that: he had received, read and understood, and discussed the indictment with his attorney; he understood the essential elements of the charge against him and he committed each one; he was fully satisfied with his counsel; no one had made any promise or assurance of any kind to induce him to plead guilty; no one had mentally, physically, or in any other way attempted to force him to plead guilty; he understood the penalties he faced; he had read, understood, and discussed the factual resume with his attorney before signing it and that everything stated in it was true. *Id.*

The Court sentenced Movant to a term of imprisonment of 116 months. CR ECF No. 42. He appealed, arguing that his two prior Texas assault offenses used to calculate his base offense level did not qualify as crimes of violence. CR ECF No. 44. The United States Court of Appeals for the Fifth Circuit granted the Government's motion for summary affirmance and dismissed the appeal as foreclosed by circuit precedent. *United States v. Rodgers* (*Rodgers I*), 849 F. App'x 139 (5th Cir. 2021). The Fifth Circuit later granted Movant's motion for rehearing in light of the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021), but affirmed his sentence. *United States v. Rodgers* (*Rodgers II*), 855 F. App'x 229 (5th Cir. 2021).

## II. GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion, urging that (1) he received ineffective assistance of counsel at trial and on appeal, and (2) he is entitled to relief under *Borden*. ECF No. 1.[2]

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

### III.  APPLICABLE LEGAL STANDARDS

####   A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164–65 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

####   B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

3

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (cleaned up). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV.   ANALYSIS**

Movant was represented by the Federal Public Defender acting through Stephen Green at trial and Taylor Brown on appeal. In support of his contention that he received ineffective assistance at trial, Movant alleges that Green failed to: (a) protect him from threats by the Government to file a superseding indictment unless he agreed to plead guilty, (b) subpoena character witnesses for sentencing, (c) object to the presentence report, and (d) file a motion to suppress. ECF No. 1 at 5–11.[3] Movant's allegations regarding Brown are quite confusing and

---

[3] The page reference is to "Page __ of 21" reflected at the top right portion of the document on the Court's electronic filing system and is used because Movant has asserted additional pages into the typewritten form.

appear to be based on Movant's misunderstanding of who represented him on appeal. *Id.* at 10–11.

A valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes claims regarding failure to investigate or challenge police misconduct and the like. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Where, as here, failure to litigate a Fourth Amendment claim competently is an allegation of ineffectiveness, the movant must prove that his Fourth Amendment claim is meritorious. *Kimmelman v. Morrison*, 477 U.S 365, 375 (1986). In addition, the movant must show that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017).

The record reflects that Movant's plea was made knowingly and voluntarily and with notice of the consequences thereof. *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005). The factual resume Movant signed, which includes the statement that the plea is voluntary, is accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Moreover, Movant testified under oath that his plea was not coerced and that he was satisfied with counsel. CR ECF No. 50. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Even if Movant could pursue his pre-plea allegations of ineffectiveness, and he cannot, the argument that counsel failed to protect him from a threat to bring an additional charge has no merit. Movant fails to explain what counsel was to have done. As long a prosecutor has probable cause, the decision to prosecute lies within his discretion. *Wayte v. United States*, 470 U.S. 598, 607 (1985). There is no question that Movant possessed heroin and drug distribution materials. CR ECF No. 28, ¶¶ 12–13. Thus, it appears that an additional charge would have been proper. As for the suppression motion, Movant has not shown that he would have prevailed. *Kimmelman*, 477 U.S. at 382. The reply makes clear that Movant can only speculate about the merits of such a motion. ECF No. 12 at 9–11. The search in this case was incident to a lawful arrest. *United States v. Bass*, 996 F.3d 729, 739 n.2 (5th Cir. 2021).

Movant alleges that counsel was ineffective because he failed to subpoena two witnesses to testify at sentencing and failed to object to the presentence report for stating that he had two prior crime-of-violence convictions. ECF No. 1 at 7–8. As for the first contention, a defendant "may not use the federal sentencing forum to gain review of his state convictions." *Custis v. United States*, 511 U.S. 485, 497 (1994). As for the second, at the time of Movant's sentencing, *Borden* had not been decided. Counsel was not ineffective for having failed to anticipate the decision. *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). The argument that his prior convictions were not crimes of violence was foreclosed by circuit precedent. *Rodgers I*, 849 F. App'x at 139. Counsel is not ineffective for failing to raise meritless arguments. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). But, even had the argument been made, as the Fifth Circuit noted, the sentence would have been the same. *Rodgers II*, 855 F. App'x at 230–31. Movant could not show harm in any event.

With regard to appellate counsel, Movant says Brown was ineffective because he: (a) failed to give notice that he would not represent Movant on appeal, (b) "did not perfect an appeal brief" on Movant's behalf, (c) violated attorney-client privilege by discussing the case with Green without Movant's knowledge, (d) created a conflict of interest by involving Green in the appeal, and (e) violated Movant's right to counsel of choice. ECF No. 1 at 10–11. As the Government notes, Brown did represent Movant on appeal and filed a brief on his behalf. ECF No. 11 at 12. He consulted Green, as any competent appellate attorney would have done. Movant has not shown any conflict of interest. *See Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). A conflict exists only where counsel is compelled to compromise his duty of loyalty or zealous advocacy to the defendant by choosing between divergent or competing interests. *United States v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008); *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006). And, finally, Movant did not have the right to appellate counsel of his choice. *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993).

In his second ground, Movant alleges that he is entitled to relief under *Borden*. ECF No. 1 at 12. Because the issue was raised on appeal and relief was denied, Movant cannot pursue the matter here. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *Moore*, 598 F.2d at 441. Moreover, the issue could not be raised in any event as misapplication of the sentencing guidelines is not cognizable in a § 2255 motion. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in movant's motion under § 2255.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **26th day** of **February, 2024**.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE